NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KERIN LOPEZ-LAINES; LENY LOPEZ-LAINEZ; VILDAD LAINEZ-MOLINA, | No. 19-70505 |
| Petitioners, | Agency Nos. A088-447-882 |
| v. | A200-240-751 |
| | A200-240-758 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026**
San Francisco, California

Before: GOULD and MILLER, Circuit Judges, and BLUMENFELD,*** District Judge.

Petitioners Kerin Lopez-Laines, his mother Vildad Lainez-Molina, and his sister Leny Idania Lopez-Lainez, natives and citizens of Honduras, petition for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Stanley Blumenfeld, Jr., United States District Judge for the Central District of California, sitting by designation.

review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

I

The petitioners conceded removability. They sought relief based on political opinion and membership in a particular social group defined as the "immediate family members of the Lopez family."

Kerin testified that he fled Honduras due to pervasive gang and guerrilla violence in his community. He described the deaths of multiple family members, including three uncles killed when he was a child. He also testified that masked gang members assaulted him, fired a gun in the air, and threatened to kill him if he refused to join their gang. Kerin did not report this incident to the police because he believed the police were corrupt and collaborated with gangs.

Vildad testified that she received anonymous notes demanding money and threatening to kill her and her family if she did not pay. Leny testified that gang members threatened to rape her and force her into a relationship with a gang member. Neither Vildad nor Leny knew who sent the threatening notes, but they suspected that they were targeted by gang members who saw them go to a bank.

2

The IJ found the petitioners credible but concluded that they failed to establish that any harm had occurred on account of a protected ground. The IJ determined that Kerin's assault constituted attempted gang recruitment, which does not amount to persecution based on a protected characteristic, and that the threats directed at Vildad and Leny were extortionate in nature and reflected criminal motives rather than animus toward their family or political views. The IJ further found that the record reflected generalized criminal violence in Honduras rather than targeted persecution. The BIA adopted and affirmed the IJ's decision.

## II

We review factual findings for substantial evidence and will reverse only if the record compels a contrary conclusion. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). Where, as here, the BIA adopted and affirmed the IJ's decision under *In re Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both decisions. *See Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011).

## A

In support of their claims for asylum and withholding of removal, the petitioners assert two protected grounds: (1) their membership in a particular social group defined as the "immediate family members of the Lopez family," and (2) their political opinion—i.e., their opposition to gang violence or refusal to

3

submit to gang demands. Substantial evidence supports the BIA's conclusion that the petitioners failed to establish the requisite nexus between their past harm or feared future harm and either asserted ground.

1

The petitioners acknowledged that they did not know the motivations for many of the killings of their relatives, and in some instances testified that the violence appeared to be motivated by financial gain or personal disputes. Similarly, Vildad and Leny testified that they did not know why they were threatened and believed they were targeted because of perceived wealth. The record therefore supports the conclusion that the petitioners were victims of general criminal activity rather than persecution on account of their family membership. *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009) ("[T]he [Immigration and Nationality Act] makes motive critical and, while it does not require the applicant to provide direct proof of his persecutor's motives, it does demand *some* evidence of motive, direct or circumstantial.") (cleaned up); *Ochave v. INS*, 254 F.3d 859, 865–67 (9th Cir. 2001) (finding no nexus where there was no evidence that the rapists knew petitioners were members of the purportedly targeted family).

2.

Substantial evidence also supports the BIA's rejection of the petitioners' political opinion claim. The petitioners did not present evidence that they expressed a conscious and deliberate political opposition to gangs, or that any harm they suffered occurred because of such views. *See De Valle v. INS*, 901 F.2d 787, 791 (9th Cir. 1990) (requiring sufficiently conscious or deliberate acts expressing a political opinion to support asylum claim based on political persecution). Kerin testified only that he did not want to live a gang lifestyle, and Leny testified that she refused to comply with gang demands. The record does not compel the conclusion that the gangs were akin to a political party or that the petitioners' resistance to recruitment or extortion constituted a political opinion. *See Regalado-Escobar v. Holder*, 717 F.3d 724, 730 (9th Cir. 2013) (requiring evidence that harm was on account of opposition to political organization's violent activities rather than because of refusal to cooperate or be recruited).

B

Substantial evidence also supports the denial of CAT protection. The petitioners failed to demonstrate that it is more likely than not that they would be subjected to torture if removed to Honduras, or that any torture would occur with the acquiescence of a public official. The petitioners identified no individuals

currently seeking to harm them and provided no evidence that they would remain targets after decades outside Honduras. Past threats and exposure to generalized violence are insufficient to compel CAT relief. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (past threats and speculative fear of future torture do not compel granting CAT relief); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (fear of generalized violence insufficient to meet standard for CAT relief).

**PETITION DENIED.**